UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN MAYON                                    CIVIL ACTION

VERSUS                                         NO. 15-1913

NATHAN CAIN                                    SECTION "B"(3)

ORDER AND REASONS

Before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Daniel E. Knowles, III, dismissing the Petitioner's application for habeas relief with prejudice. (Rec. Doc. 21 at 20). In response to the Report, Petitioner timely filed objections and requested rejection of the Report. (Rec. Doc. 22).

For the reasons outlined below,

**IT IS ORDERED** that the objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Report is **ADOPTED**; and

**IT IS FURTHER ORDERED** that Petitioner's claims are dismissed with prejudice.

Petitioner Kevin Mayon pled guilty to two counts of aggravated burglary, one count of attempted aggravated burglary, and one count of attempted burglary. (Rec. Doc. 21 at 1). He was granted an out-of-time appeal to the Louisiana Fifth Circuit Court of Appeals, and the court affirmed his conviction and sentence. (*Id.* at 2). After this affirmation, Petitioner did not seek further direct review of his conviction. (*Id.*). He filed an application for post-

conviction relief with the state district court, and this application was denied on January 23, 2014. (*Id.*). His subsequent applications for post-conviction relief were denied by both the Louisiana Fifth Circuit Court of Appeals and the Louisiana Supreme Court. (*Id.*).

Petitioner filed the instant application for a writ of habeas corpus under Title 28 United States Code section 2254 asserting ineffective assistance of counsel. (Rec. Doc. 4). He claimed ineffective assistance of counsel due to his trial counsel's pressure on him to plead guilty. Magistrate Judge Knowles found that Petitioner stated under oath that he was not offering his guilty plea under duress and, thus, has the burden to overcome a presumption that this statement was true.

The Magistrate Judge found Petitioner failed to present any evidence to support the claim of coercion by counsel to overcome the presumption and, further, the trial judge exercised due caution to ensure that Petitioner's plea was voluntary. In all, Magistrate Judge Knowles found that Petitioner did not demonstrate that the state court decision rejecting his ineffective assistance of counsel claim was contrary to, or involved in an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

In his Objections to the Report, Petitioner asserts that his

counsel failed to object or request a continuance because, as Petitioner alleges, the trial court did not ensure that he was not intimidated into entering his guilty plea. He contends that, as evident from the face of the record, counsel's performance fell below the standard set by *Strickland v. Washington*, 466 U.S. 688 (1984), and *State v. Washington*, 491 So.2d 1337 (La. 1986), and, as such, violated Petitioner's Sixth Amendment right.

When the trial judge asked Petitioner whether he was "forced, threatened, or coerced into entering these pleas of guilty," Petitioner answered that he has "been intimidated." He asserts that this exchange demonstrates an actual conflict between himself and his trial counsel, despite later offering a guilty plea.

**1. Trial counsel's failure to object or request a continuance for Petitioner to consider his guilty plea did not amount to insufficient assistance of counsel.**

A guilty plea must have an affirmative showing on the record that the plea was offered voluntarily and understandingly. *Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969). The trial judge must personally "canvass . . . the matter with the [defendant] to make sure he has a full understanding of what the plea connotes and of its consequences." *Id*. at 243-44.

In *Boykin v. Alabama,* the criminal defendant pled guilty to his charges, but the trial judge did not ask any questions of the defendant concerning his plea and, as such, the record failed to

3

show that the defendant made his plea knowing and voluntarily. *Id.* at 239-40. Unlike the record in *Boykin* which did not show a knowing and voluntary guilty plea, the record here demonstrates that the trial judge went to great lengths to assure that Petitioner's pleas were not coerced. (Rec. Doc. 21 at 13-16 - citing the transcript of the trial court proceedings).

Petitioner first told the trial judge that he was intimidated into entering the guilty plea. (*Id*. at 13). In response, the judge explained what it means to make a voluntary plea, that the Court could not accept a coerced plea, and that trial would begin. (*Id*.). The trial judge moved to other matters while Petitioner conferred with his counsel. (*Id*.). After this break, the trial judge heard from Petitioner's counsel and then bypassed counsel to personally engage with Petitioner. (*Id*. at 14-15). The trial judge discussed the nature and consequences of a voluntary guilty plea with Petitioner three separate times during the proceedings with two breaks for Petitioner to confer with counsel and contemplate going forward with trial. (*Id*. at 15-16). After these three conversations, Petitioner stated that he enters a plea of guilty and he was not coerced, threatened, or intimidated to make the plea. (*Id*. at 16).

Petitioner's objection that his counsel should have objected or moved for a continuance has no merit. The trial judge acted properly by personally canvassing with Petitioner in

open court to determine that he was not being coerced. Because the trial judge's actions were proper and fulfilled his constitutional duty to ensure that the guilty plea was voluntary and knowing, Petitioner did not demonstrate ineffective assistance of counsel.

**2. The record does not demonstrate sufficient evidence that Petitioner's guilty plea was untruthful.**

A guilty plea under oath after personal canvassing with the trial judge to ensure that the plea is voluntary and knowing "carries a strong presumption of verity." *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). To overcome this strong presumption, Petitioner must demonstrate independent evidence to support his claim that his guilty plea was coerced. *See United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *Lyon v. Scott*, No. 03-05539, 1995 WL 71359, at*2 (5th Cir. Jan. 31, 1995). The "mere contradiction of his statements at the guilty plea hearing" does not satisfy this burden. *Raetzsch*, 781 F.2d at 1151.

Because Petitioner stated under oath that he was pleading voluntarily and he was not coerced, he bears the burden of proving with independent evidence that the statement was not true. Magistrate Judge Knowles correctly identified this burden in his Report. (Rec. Doc. 21 at 17). Yet, Petitioner objected that the record alone is sufficient to overcome this burden and did not attempt to provide any additional or independent evidence. (Rec. Doc. 22 at 6). Petitioner relied only on his contradictory

statements at the hearing: first, stating that he was intimidated, and later, stating he was not. Because this is not sufficient to overcome the burden of proving that his statement under oath was not true, Petitioner objection is without merit.

New Orleans, Louisiana, this 12th day of April 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE